**THE WAGNER FIRM**
Avi Wagner (#226688)
  avi@thewagnerfirm.com
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone:  (310) 491-7949
Facsimile:  (310) 491-7949

**BRAGAR EAGEL & SQUIRE, P.C.**
Jeffrey H. Squire
  squire@bespc.com
David J. Stone (#208961)
  stone@bespc.com
Todd H. Henderson
  henderson@bespc.com
885 Third Avenue, Suite 3040
New York, New York 10022
Telephone:  (212) 308-5858
Facsimile:  (212) 486-0462

*Counsel for Plaintiff*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELODY MUNRO, Individually and On Behalf of All Others Similarly Situated,<br><br>              Plaintiff,<br><br>    v.<br><br>APPLE INC.,<br><br>              Defendant | Case No.:<br><br>**CLASS ACTION COMPLAINT**<br><br>**<u>JURY TRIAL DEMANDED</u>** |

Class Action Complaint

Plaintiff Melody Munro, through her undersigned counsel, individually and on behalf of all others similarly situated, brings this Class Action Complaint against Apple Inc. ("Apple" or "Defendant") and alleges the following based on personal knowledge, the investigation of counsel, and information and belief.

**INTRODUCTION**

1. This is a consumer class action seeking injunctive relief and damages arising from Defendant's unlawful sabotage of iPhone 6, 6S, SE, or 7 (the "Affected Device(s)") caused by a purportedly beneficial update to the Affected Devices' iOS 10.2.1 or later operating systems. Apple touted its software update as fixing software "bugs" or providing knew benefits when, in fact, Apple deliberately designed the updates to slow down the Affected Devices' performance. Apple failed to inform users of the Affected Devices that the update would slow down their devices and also failed to inform consumers that they could restore the performance of their devices simply by replacing the battery. Replacing the battery at an Apple store costs less than $100 (and less than $50 at a third-party retailer). The new iPhone 8 cost at least $700 and the new iPhone X costs more than $1,000.

2. When Apple released iOS 10.2.1, the Company claimed the software update contained "bug fixes," and would "improve[] the security of [the] iPhone or iPad" and "improve[] power management during peak workloads to avoid unexpected shutdowns on the iPhone." What Apple purposefully failed to disclose when it released the update, however, was that the update was designed to slow the Affected Devices' performance. By their nature, the lithium-ion batteries used in the Affected Devices slowly lose their ability to hold a charge through time and use. However, normal lithium-ion battery wear does not reduce performance. A weakening battery has no effect on device performance unless there is software that links the two, and that is precisely what Apple created.

3. The purpose of Apple's action was to encourage consumers to purchase new iPhones by: (a) reducing the Affected Devices' performance and usability and (b) depriving

Class Action Complaint

1

consumers of material information concerning the decline in performance (namely that an inexpensive battery replacement would restore performance and usability).

4. Plaintiff and the class she seeks to represent (the "Proposed Class") are consumers who purchased the Affected Devices and, when prompted by Apple, installed an updated iOS operating system that artificially reduced the performance and usability of their device. This lawsuit is brought to challenge Apple's unfair business practices under California's Unfair Competition Law, California Business & Professions Code § 17200 ("Cal. Bus. & Prof. Code"). Plaintiff also brings a claim for breach of the implied covenant of good faith and fair dealing under California law, violation of the Consumer Legal Remedies Act, violation of California's False and Misleading Advertising Law, and trespass to chattel. Plaintiff requests that the Court find Apple's business practices constitute unfair competition and enjoin Apple from engaging in similar conduct in the future. Plaintiff further requests that the Court order Defendant to pay civil penalties pursuant to Cal. Bus. & Prof. Code § 17206, provide restitution to the Proposed Class of all money acquired by means of its unfair practice, and pay the attorneys' fees and costs of this litigation.

**PARTIES**

5. Plaintiff Melody Munro is a resident of California. Munro obtained an iPhone 6S in June 2015. Munro updated her iPhone's iOS when prompted by Apple to do so. After installing the updated iOS, Munro's iPhone's performance and usability decreased dramatically. Due to the poor performance of her iPhone after the update, Munro obtained a new Google Pixel smartphone in July 2017.

6. Defendant Apple Inc. is a California corporation headquartered at 1 Infinite Loop, Cupertino, California. Apple designs, manufacturers, and sells throughout the world a wide range of products, including mobile devices such as the iPhone.

## JURISDICTION AND VENUE

7. This Court has jurisdiction over the claims in this action pursuant to 28 U.S.C. § 1332(d) because the amount in controversy exceeds $5 million, exclusive of interest and costs, and members of the Proposed Class are citizens of different states than Apple.

8. This Court has personal jurisdiction over Apple because Apple is incorporated under the laws of the State of California, maintains its principal headquarters in California, is registered to conduct business in California, and has sufficient minimum contacts with California.

9. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because Apple resides in this District and a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District.

## FACTUAL ALLEGATIONS

10. On January 23, 2017, Apple released the iOS 10.2.1 operating system update for iPhones. Among other things, the update purportedly addressed aging iPhone batteries. Apple announced that the purpose of the update was to fix bugs and other security issues in the operating system. Subsequently, in February 2017, Apple announced that the update was intended to "reduce occurrences of unexpected shutdowns that a small number of users were experiencing with their iPhone."[1]

11. The update purportedly sought to prevent the handset from shutting down if a performance spike drew too much power – *i.e.*, turning off unexpectedly even though the phone's battery still had a charge. Although this battery issue was a reported problem at the time of the update,[2] the iOS update did far more than address shutdowns on the few phones that had

---

[1] Kif Leswing, *Apple fixed an annoying iPhone battery bug and didn't tell people for weeks*, Business Insider (Feb. 23, 2017), http://www.businessinsider.com/ios-1021-fixes-apple-iphone-shutdown-bug-2017-2 (last visited Dec. 22, 2017).
[2] *A Message from Apple about iPhone and Unexpected Shutdowns*, Apple, Inc. (June 12, 2016), https://support.apple.com/zh-cn/HT207414 (last visited Dec. 22, 2017).

Class Action Complaint

3

1  been experiencing those issues.  The iOS update also surreptitiously and purposefully throttled
2  the performance speed on the Affected Devices by as much as 70 percent.[3]

3        12.     The January 2017 iOS update caused a material decline in the performance of the
4  Affected Devices, which manifested in various ways including significantly reduced
5  performance, dropped calls, and excessive battery drain when using the device.  Subsequent iOS
6  updates exacerbated the problems.

7        13.     Although Apple has subsequently claimed that it deliberately slowed down
8  consumers' iPhones in order to address the limited problem of unexpected shutdowns, in fact, the
9  true motivation behind the iOS update was to slow down iPhones so that consumers would
10 purchase new devices.  Thus, Apple did not warn that the update would cause the Affected
11 Devices' performance to suffer and did not disclose after the fact that the Affected Devices'
12 performance issues were caused by the updates.  Apple's act of deliberately sabotaging class
13 members' phones to induce consumers to purchase new devices, despite the fact that the class
14 members' devices were performing adequately, was wrongful.  During subsequent iOS updates,
15 Apple repeatedly failed to disclose that the iOS update was designed to reduce the performance
16 and usability of the Affected Devices.

17       14.     Apple purposefully avoided these disclosures because it knew that consumers,
18 upon experiencing these issues, would be motivated to purchase a new device because of the
19 performance and usability issues created by Apple on the Affected Devices.

20       15.     Apple also failed to disclose that the performance problems introduced by the iOS
21 update could be remedied by purchasing a new battery, at a cost of approximately $100.
22 Although Proposed Class members should not have been compelled to bear the cost of a new
23 battery caused by Apple's improper actions, if consumers had known of this option, they could
24 have saved themselves the much higher cost of a new smartphone.

---

[3] *E.g.*, John Poole, *iPhone Performance and Battery Age*, Geekbench (Dec. 18, 2017), https://www.geekbench.com/blog/2017/12/iphone-performance-and-battery-age/ (last visited Dec. 22, 2017).

16. On December 20, 2017, following media outrage on Reddit, Geekbench, and other technology news sites concerning performance failures, Apple finally disclosed that it had purposefully slowed the operating speed of the Affected Devices.

17. According to Apple:

> Our goal is to deliver the best experience for customers, which includes overall performance and prolonging the life of their devices. Lithium-ion batteries become less capable of supplying peak current demands when in cold conditions, have a low battery charge or as they age over time, which can result in the device unexpectedly shutting down to protect its electronic components.
>
> Last year we released a feature for iPhone 6, iPhone 6s and iPhone SE to smooth out the instantaneous peaks only when needed to prevent the device from unexpectedly shutting down during these conditions. We've now extended that feature to iPhone 7 with iOS 11.2, and plan to add support for other products in the future.

18. Prior to this statement, Apple knowingly and willfully decided that it would not warn consumers that the iOS updates would degrade the Affected Devices' performance, not inform consumers after the fact that the poor performance of the Affected Devices was caused by the updates, and not inform Proposed Class members that they could reverse the performance issues by replacing the battery in their iPhones.

19. Apple's failure to disclose the impact of the iOS updates and remedy the issues it produced (and purported to resolve) constitutes an unfair trade practice and breach of the covenant of good faith and fair dealing implied in Apple's contracts with Plaintiff and the Proposed Class. Plaintiff and the Proposed Class were harmed as a direct and proximate result of Apple's actions.

20. Plaintiff and the Proposed Class purchased and used the Affected Devices. Plaintiff owned the Affected Devices and experienced many of the issues encountered by other iPhone purchasers, such as significantly reduced performance, dropped calls, and excessive battery drain when using their devices.

21. On information and belief, owners of the Affected Devices noticed similar reductions in performance and usability after installing iOS 10.2.1 in January 2017.

# CLASS ACTION ALLEGATIONS

22. Plaintiff brings these claims pursuant to Federal Rule of Civil Procedure 23 on behalf of classes of similarly situated persons, which counsel propose to be defined as follows:

> All consumers who (a) reside in the United States; (b) purchased Apple iPhone 6, 6S, SE, or 7 models and upgraded to iOS 10.2.1 or a later version prior to the date of this Complaint; and (c) who purchased that iPhone within the United States.

Excluded from the Proposed Class are Defendant; any entity in which Defendant has or had a controlling interest; any of Defendant's officers, directors, legal representatives, heirs, successors, and assigns; Plaintiff's counsel and anyone employed by Plaintiff's counsel; any Judge assigned to this action and his or her immediate family; and anyone who timely requests exclusion from the Proposed Class.

23. **Numerosity**. The Proposed Class and sub-classes contain thousands of individuals dispersed throughout the United States. Joinder of all members is impracticable.

24. **Commonality**. Common questions of fact and law exist for each cause of action and predominate over questions affecting only individual class members. Common questions include:

(a) Whether and to what extent iOS 10.2.1 and later updates affected the performance and usability of the Affected Devices;

(b) Whether Apple purposefully and/or knowingly designed iOS 10.2.1 to impact the performance and usability of the Affected Devices;

(c) Whether and to what extent Apple disclosed the effect of iOS 10.2.1 and later updates on the performance of the Affected Devices; and

(d) Whether Apple notified customers that the artificial reduction in performance of the Affected Devices could be remedied by a simple battery replacement.

25. **Typicality**. Plaintiff's claims are typical of the claims of members of the Proposed Class because, among other things, Plaintiff and the Proposed Class sustained similar injuries as a result of Apple's uniform wrongful conduct. Plaintiff and the Proposed Class all

purchased the Affected Devices and accepted Apple's upgrades to iOS 10.2.1 or a later version during 2017.

26. **Adequacy**. Plaintiff will fairly and adequately protect the interests of the Proposed Class. Her interests do not conflict with Proposed Class members' interests. Plaintiff has retained class counsel experienced in class action litigation to prosecute this case on behalf of the Proposed Class.

27. **Rule 23(b)(3)**. In addition to satisfying the prerequisites of Rule 23(a), Plaintiff satisfies the requirements for maintaining a class action under Rule 23(b)(3). Common questions of law and fact predominate over any questions affecting only individual class members, and a class action is superior to individual litigation. The amount of damages available to individual class members is insufficient to make litigation addressing Apple's conduct economically feasible in the absence of the class action procedure. Individualized litigation also presents a potential for inconsistent or contradictory judgments, and it increases the delay and expense to all parties and the court system presented by the legal and factual issues of this case. By contrast, the class action device presents far fewer management difficulties and provides the benefits of a single adjudication, economy of scale, and comprehensive supervision by a single court.

28. **Rule 23(b)(2)**. Plaintiff also satisfies the requirements for maintaining a class action under Rule 23(b)(2). Apple has acted or refused to act on grounds that apply generally to the Proposed Class, making final declaratory or injunctive relief appropriate with respect to the Proposed Class as a whole.

29. **Rule 23(c)(4)**. Plaintiff also satisfies the requirements for maintaining a class action under Rule 23(c)(4). The claims of Proposed Class members are composed of particular issues that are common to all Proposed Class members and capable of class wide resolution.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
**Violation of California's Unfair Competition Law,
Cal. Bus. & Prof. Code §17200,** *et seq.*

30. Plaintiff realleges and incorporates by reference all prior allegations as if fully set forth herein.

31. Defendant's acts and practices, as alleged herein, constitute unfair, unlawful, and fraudulent business practices in violation of California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, *et seq*.

32. Defendant has engaged and continues to engage in an unfair business practice by designing iOS 10.2.1 and later operating systems to materially diminish the performance of the Affected Devices and by purposefully failing to disclose that Apple deliberately throttled the performance of the Affected Devices and by failing to disclose that performance could be restored by simply replacing the battery.

33. Defendant's business practices are unscrupulous, unethical, and substantially injurious to consumers. There is no legitimate business reason for Apple's business practice such that the utility of its business practice outweighs the harm to consumers. Furthermore, Apple's business practice undermines California's fundamental policy against unfair and sharp business practices that are likely to deceive or mislead consumers, which undercut trust and fair competition in the consumer marketplace.

34. Plaintiff Munro has standing to challenge Defendant's unfair, unlawful, and fraudulent business practices on behalf of the public pursuant to Cal. Bus. & Prof. Code § 17204 since as a result of such practices, she has suffered injury and lost money or property in the form of reduced value of her Affected Device. Munro obtained an iPhone 6S and upgraded to iOS 10.2.1 when prompted by Apple, causing her devices' performance to be artificially throttled. Apple did not inform Munro that its software update was the cause of the reduced performance and that a simple battery replacement would restore performance. Munro suffered reduced

productivity as a result of Apple's practices. Munro obtained a new device because her iPhone's performance had degraded materially.

35. On behalf of the Proposed Class, Plaintiff hereby seeks money damages and restitution in an amount to be determined at trial.

36. On behalf of the Proposed Class, Plaintiff also hereby seeks entry of appropriate equitable relief pursuant to Cal. Bus. & Prof. Code § 17203, including an injunction prohibiting Defendant from engaging in the same or similar unfair business practices in the future, civil penalties, restitution of money that may have been acquired by Defendant's unfair business practices, and attorneys' fees and costs of litigation. The entry of injunctive relief is of particular importance and necessary to secure a fair consumer marketplace.

**SECOND CAUSE OF ACTION**
**For Trespass to Chattels**

37. Plaintiff realleges and incorporates by reference all prior allegations as if fully set forth herein.

38. California common law prohibits the intentional intermeddling with personal property in the possession of another, without consent, that results in either (a) the deprivation of the use of the personal property or (b) the impairment of the condition, quality, or usefulness of the property.

39. Defendant impaired the condition, quality, and usefulness of Plaintiff's and Proposed Class members' Affected Devices, or parts of them, without Plaintiff's knowledge or consent. Such acts constituted an intentional interference with the use and enjoyment of the devices.

40. Defendant acted intentionally because it knew that Plaintiff and the Proposed Class were downloading computer software to their Affected Devices that reduced the performance of the devices. Plaintiff and the Proposed Class only consented to the installation of software that would improve, not diminish, performance.

Class Action Complaint

9

41. Defendant engaged in deception to gain access to the Affected Devices and install the updated software.

42. Thus, Plaintiff and the Proposed Class suffered actual damages as a result of Defendant's actions in an amount to be determined at trial.

**THIRD CAUSE OF ACTION**
**For Breach of the Covenant of Good Faith And Fair Dealing**

43. Plaintiff realleges and incorporates by reference all prior allegations as if fully set forth herein.

44. In every contract or agreement, there is an implicit promise of good faith and fair dealing under California law.

45. In dealings between Apple and its customers, Apple has power affecting the rights of its users.

46. Apple entered into a contract with Plaintiff and the Proposed Class at the time of purchase of each Affected Device and at the time of download of iOS 10.2.1 and later iOS versions.

47. Apple promised in the iOS 10.2.1 update and later updates to "ma[k]e improvements to reduce occurrences of unexpected shutdowns that a small number of users were experiencing with their iPhone"[4] and "deliver the best experience for customers, which includes overall performance and prolonging the life of their devices."[5]

48. Plaintiff did all, or substantially all, of the things that the contracts required her to do.

49. Despite its promises to prolong the life of the devices, Apple instead purposefully took actions to reduce the life of the devices and purposefully failed to notify customers that

---

[4] Leswing, *supra* note 1.
[5] Jason Koebler, *Apple Throttles iPhones that Have Old Batteries (But Didn't Tell You About It)*, Motherboard (Dec. 20, 2017), https://motherboard.vice.com/en_us/article/3k5bdw/apple-throttles-iphones-bad-batteries (last visited Dec. 22, 2017).

Class Action Complaint
10

replacing the battery would restore performance that had been artificially reduced by iOS 10.2.1 and later updates to iOS.

50. Apple's actions were objectively unreasonable given Apple's promises.

51. Apple's conduct evaded the spirit of the agreement made between Apple and the Plaintiff.

52. As a result of Apple's misconduct and breach of its duty of good faith and fair dealing, Plaintiff and the Proposed Class suffered damages. Plaintiff and Proposed Class members did not receive the benefits of the contracts for which they paid valuable consideration.

## PRAYER FOR RELIEF

Plaintiff, on behalf of herself and on behalf of the Proposed Class, requests that the Court:

(a) Enter an order certifying the Proposed Class, or an alternative class that the Court may find appropriate under Rule 23 of the Federal Rules of Civil Procedure, directing that Plaintiff's claims proceed on a class-wide basis, and appointing Plaintiff and her counsel to represent the Proposed Class;

(b) Enter an order and/or judgment enjoining Defendant from continuing to artificially reduce the performance of the Affected Devices;

(c) Enter an order and/or judgment requiring Defendant to notify customers that device performance can be restored by replacing the battery;

(d) Enter an order and/or judgment requiring Defendant to make restitution to Plaintiff of money acquired by means of its unfair practices;

(e) An order granting reasonable attorneys' fees and costs as well as pre- and post- judgment interest at the maximum legal rate; and

(f) Such other and further relief as this Court may deem appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable.

| | |
|---|---|
| Dated: January 5, 2018 | Respectfully submitted, |
| | THE WAGNER FIRM |
| | |
| |     */s/ Avi Wagner* |
| | Avi Wagner (#226688) |
| |  *avi@thewagnerfirm.com* |
| | 1925 Century Park East, Suite 2100 |
| | Los Angeles, California 90067 |
| | Telephone: (310) 491-7949 |
| | Facsimile: (310) 491-7949 |
| | |
| | BRAGAR EAGEL & SQUIRE, P.C. |
| | Jeffrey H. Squire |
| |  *squire@bespc.com* |
| | David J. Stone (#208961) |
| |  *stone@bespc.com* |
| | Todd H. Henderson |
| |  *henderson@bespc.com* |
| | 885 Third Avenue, Suite 3040 |
| | New York, New York 10022 |
| | Telephone: (212) 308-5858 |
| | Facsimile: (212) 486-0462 |